NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CABLEVISION OF NEW JERSEY, INC. | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 03-cv-0107 (DMC) |
| ALEXANDER PEDOLSKY, |  |
| Defendant. |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant Alexander Podolsky (hereinafter "Defendant" or "Podolsky")[1] to vacate default judgment entered against him by this Court pursuant to Federal Rules of Civil Procedure 60(b)(4) and/or 60(b)(6). The motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's motion to vacate default judgment is **denied.**

I.  BACKGROUND

On January 10, 2003, Plaintiff Cablevision of New Jersey, Inc. (hereinafter "Plaintiff" or "Cablevision") filed a Complaint against Defendant alleging theft of television services in violation of the Communications Act of 1934, as amended, 47 U.S.C. 533(a)(1). On May 24, 2004, this Court entered a default judgment against Podolsky in favor of Cablevision in the total amount of

---

[1] Defendant Alexander Podolsky's last name was misspelled on the complaint as Pedolsky.

$26,276.00. Pl. Br. at 1; Ex. A. Podolsky moves to vacate the default judgment entered by the Court due to "improper service" and seeks leave to file an answer out of time.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(c), provides that "for good cause shown the court may set aside an entry of default and, and if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Pursuant to Fed. R. Civ. P. 60(b)(4), the Court may relieve a party from a final judgment if the judgment is void. A default judgment rendered by a court which lacked personal jurisdiction over the defendant is void. See Pennoyer v. Neff, 95 U.S. 714, 725-27 (1877). A defendant may challenge the personal jurisdiction of the rendering court by attacking the validity of the service of process. Stranahan Gear Co. v. NL Indus. Inc., 800 F.2d 53, 56-57 (3d Cir. 1986). "Service of process refers to the formal delivery of documents that is legally sufficient to charge the defendants with notice of a pending action." Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 700 (1988).

Pursuant to Federal Rule of Civil Procedure 60(b)(6), a court may vacate a default judgment for "any other reason justifying relief from the operation of the judgment." To demonstrate that a judgment should be vacated pursuant to this subsection the moving party must demonstrate that if the judgment is not vacated the party would suffer "extreme and unexpected hardship." See James v. City of Jersey City, 187 F.R.D. 512, 515 (D.N.J. 1999).

The decision to set aside a default judgment is left "primarily to the discretion of the district court." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984). However, the Third Circuit mandates that a district court must generally weigh three factors in ruling on a motion to vacate default judgment under Rule 60(b): (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether the default

was the result of the defendant's culpable conduct. Emasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987); Gold Kist, Inc. v. Laurinburg Oil Co., 756 F. 2d 14, 19 (3d Cir. 1985); Mettle v. First Union Nat'l Bank, 279 F. Supp. 2d 598, 601 (D.N.J. 2003).

### III. DISCUSSION

#### A. Request to Vacate the Default Judgment Pursuant to Rule 60(b)(4)

Podolsky asks the Court to vacate the default judgment pursuant to Rule 60(b)(4), contending that service of process was not proper. Specifically, Defendant denies that he had any notice of this action until June 21, 2006, when he received the Information Subpoena regarding the default judgment. See Pl. Affirmation in Opp'n to Pedolosky's Motion to Vacate Judgment ("Cassell Aff.") ¶12. Podolsky argues that service was "defective" because: (1) his name is spelled as Pedolsky instead of Podolsky; and (2) his address includes the word "basement." See Podolsky Aff. ¶¶ 4-5. However, neither of these "errors" affects the sufficiency of the service of process. See Grannis v. Ordean, 234 U.S. 385 (1914) (finding service of process properly effectuated even though it was acknowledged that there was an error in the spelling of defendant's name); see also H. Landau & Co. v. Quiles, Civ. A. 94-4185, 1995 WL 338505, *7 (E.D. Pa. June 5, 1995) (finding that service was effective where defendant's last name was spelled with two "l's" instead of one "l" and amending judgment to correct typographical error).

The Grannis Court explained that while there is no clear test to determine the effect of an improper spelling of a name on the sufficiency of service of process, the misspelling is irrelevant where the actual spelling of the name is so close that a person would realize that the service is for the actual defendant. 234 U.S. at 397-98. Moreover, the Court found it significant that the address used for the defendant was an address that, even assuming that his name and address were not

completely accurate, was an address that provided sufficient information so that mail sent to him still reached him. Consequently, the court found that service upon the defendant was proper. Id.

Here, Cablevision makes a prima facie showing that Podolsky was properly served because Cablevision has the requisite affidavit of service. See Cassell Aff. ¶¶ 8, 14; see, e.g., Jameson v. Great Atl. and Pac. Tea Co., 363 N.J. Super. 419, 426 (App. Div. 2003) (explaining that the affidavit of service is "*prima facie* evidence that service was proper.") Specifically, on January 26, 2003, Cablevision personally served Defendant at his address. Furthermore, Cablevision confirmed that the description of Defendant in the Affidavit of Service matches the defendant's physical appearance. See Cassell Aff. ¶¶ 8, 14. Thus, Cablevision has made a prima facie showing of proper service.

Furthermore, as in the above-cited cases, the misspelled name in the Affidavit of Service (i.e., Pedolsky) is so close to the actual spelling of Defendant's name ( Podolsky) that it cannot seriously be disputed that Defendant would conclude based upon the misspelling that the action related to a different person. Likewise, the second "error" pointed out by Podolsky - that the Affidavit of Service and mail sent to him included the word "basement" - has no merit. See Podolsky Aff. ¶¶ 4-5. Based upon Defendant's receipt of the multiple mailings to him, all of which included the word "basement" in his address, it is evident that inclusion of the word "basement" is of no significance. Exs. 2 and 9. Indeed, the two certified mailings that Cablevision sent to Podolsky, which included the word "basement" in his address, were both received and signed for by Podolsky. Id. Moreover, the Postmaster has confirmed that 376 North Road Bsmt, Fair Lawn, New Jersey, is a "Good" address for Podolsky. Cassell Aff. ¶ 15; Ex. 8. Furthermore, none of the first-class mailings sent by

4

Cablevision's lead attorneys to Podolsky with the word "basement" in the address were returned by the U.S. Postal Service.  Cassell Aff. ¶ 17.  Thus, vacating the default judgment pursuant to Rule 60(b)(4) is not warranted.

### B. Request to Vacate the Default Judgment Pursuant to Fed. R. Civ. P. 60(b)(6)

Podolsky also requests that the Court vacate the default judgment pursuant to Rule 60(b)(6) contending that he "has meritorious defenses to claims asserted" and the above discussed service presented "an exceptional circumstances" [sic] for failure to respond to the pleading.  Pl. Br. at 3.  In order to establish a meritorious defense, the defendant must set forth the grounds for the defense with specificity.  Witty v. Primus Telecomm. Group, Inc., No. 02-1933, 2006 WL 1995287, at *15 (D.N.J. July 13, 2006).  Podolsky wholly fails to satisfy his burden on this issue because Podolsky does not set forth any defense whatsoever in his moving papers.  Accordingly, this Court will not vacate the default judgment entered against Podolosky pursuant to Rule 60(b)(6).

## IV. CONCLUSION

For the reasons stated, it is the finding of this Court that the Defendant's motion to vacate the default judgment is **denied**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Dated:         March   8 , 2007
Original:      Clerk's Office
cc:            All Counsel of Record
               File